## FRIEND *v.* FENNER et al.

A wife has no privilege on the immovables of her husband, for dotal or paraphernal funds received by him. The only privilege given to a wife on the property of the husband is for her dotal rights, and is restricted to moveables. C. C. 2355, 2356, 3219.

For the protection of her paraphernal funds, the wife has a mortgage only. C. C. 2367.

APPEAL from the District Court of Claiborne, *Campbell*, J. *Friend*, for the appellant. *McGuire* and *Ray*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. This case presents a contest between the plaintiff, who is the wife of *Friend*, and several of his creditors holding judicial mortgages, as to the distribution of the proceeds of the sale of a slave. The judgment creditors seized the slave who was advertised for sale, and the plaintiff then instituted this suit, alleging herself to be a privileged creditor, and praying that the price of the slave when sold be first applied to the payment of a judgment which she obtained against her husband, in March, 1844. The executions of the creditors appear to have been levied at the time, or shortly before, the wife obtained her judgment. The judgments in favor of the creditors were duly recorded, in the years 1842 and 1843.

The only evidence offered by the plaintiff in support of the alleged privilege upon the proceeds of the intended sale, was a certified copy of the judgment against her husband, unaccompanied by the pleadings or evidence in that cause, or by any other evidence whatever. The judgment restores to her the separate administration of certain property, and further adjudges that she recover from her husband several sums of money, with " a privilege on the immovable property of her husband", to bear date respectively from certain dates in the

FRIEND
*v.*
FENNER.

years 1841, 1842, and 1843. No evidence was offered, by any of the parties, to show at what period the slave thus seized had been acquired. The court below decreed a *pro rata* distribution of the proceeds of sale among all the parties litigant, and the plaintiff has appealed. The appellees, in their answer to the appeal, have prayed that the judgment be amended by rejecting the claim of the wife entirely, and giving them the entire proceeds of the sale.

In the entire absence of any evidence as to the origin or nature of the claim upon which the wife obtained judgment, and with nothing before us but the mere judgment in her favor, against her husband, we are of opinion that the wife has no right to any portion of the proceeds. The creditors who oppose her have a double claim upon the proceeds of the slaves. They hold duly recorded judicial mortgages, and also the privilege conferred by seizure under execution. The wife, on the contrary, exhibits nothing but a judgment against her husband declared to be privileged on his immovables. Whether the claim arose from dotal or paraphernal funds received by the husband, in neither case does the law grant her a privilege on the immovable property of her husband. The only privilege accorded to the wife on the property of her husband is for dotal rights, and is restricted to moveables. Civil Code, 2355, 3219. Article 2356 expressly declares that in no case can the privilege granted by the preceding article be extended to immovables. For the protection of paraphernal rights the law accords to the wife a mortgage only. C. C. 2367. Privileges are *stricti juris*, and can be claimed only for those debts to which they are expressly granted by the lawgiver. Ib. 3152. The judgment, therefore, on which alone the plaintiff's claim of privilege rests, and to which the defendants were not parties, violates the law, and cannot affect them. It is as against them erroneous on its face, and we can give it no effect. The expression "privilege" may have been inadvertently used for mortgage; but it is an error from which we cannot relieve the party, as we might have done if the plaintiff had not rested solely upon the judgment, but had proved, by further evidence, the existence of claims to which the law accords a tacit mortgage.

It is therefore decreed that the judgment of the court below be reversed, and that there be judgment in favor of the defendants; the plaintiff paying costs in both courts.